IN THE CIRCUIT COURT OF BOLIVAR COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

**FILED**
JAN 16 2015
BOLIVAR COUNTY, MS
MARILYNN KELLY-CIRCUIT CLERK
BY_____ D.C.

ESTATE OF LYNDAHLE PETROZZA, BY AND
THOUGH MELINDA HARVEY AS ADMINISTRATRIX
OF THE ESTATE AND AS REPRESENTATIVE OF
THE WRONGFUL DEATH BENEFICIARIES                         PLAINTIFFS

VS.                                    CIVIL ACTION NO. 2015-0005

CLEVELAND NURSING AND REHAB CENTER, LLC
d/b/a CLEVELAND NURSING AND REHAB CENTER
AND JOHN DOES (1-10)                                     DEFENDANTS

## COMPLAINT

Comes the Plaintiff, Melinda Harvey as Administratrix of the Estate and on behalf of the Wrongful Death Beneficiaries of Lyndahle Petrozza, by counsel, and for her cause of action against the Defendants herein, states and alleges as follows:

### I. INTRODUCTION

1. This is an action for damages, including both survival and wrongful death actions, sustained by Lyndahle Petrozza, arising from the negligent treatment, abuse, and neglect of Ms. Petrozza while she was a patient of Cleveland Nursing and Rehab Center and in the care of their employees or agents on the date of her death, being January 19, 2014.

2. Plaintiffs are unable to specifically identify by name some of the Defendants in this action because the information is available only from Defendants.

### II. PARTIES

3. Melinda Harvey is an adult resident of Hollandale, Washington County, Mississippi. Ms. Harvey was the daughter of Lyndahle Petrozza who was a resident of Washington

County, Mississippi prior to her death. Following the death of Ms. Petrozza, Melinda Harvey was appointed as the Administratrix of the Estate of Lyndahle Petrozza by the Chancery Court of Washington County, Mississippi. Further, pursuant to §11-7-13 Melinda Harvey is the wrongful death beneficiary and the sole heir of Lyndahle Petrozza.

4. Upon information and belief, Cleveland Nursing and Rehab Center, LLC d/b/a Cleveland Nursing and Rehab Center, operated(s) a long term skilled nursing facility located at 4036 Highway 8 East, Cleveland, Mississippi 38732, and may be served with process through personal service of the Administrator at that address. Upon information and belief, Cleveland Nursing and Rehab Center was at all times pertinent to this action, and remains, a proprietary for profit entity engaged in the operation of a nursing home that was held out to the public to "specialize" in the care of vulnerable individuals who are chronically infirm, mentally dysfunctional, and/or in need of skilled nursing care and treatment.

5. John Doe Owners 1 through 10, hereinafter covered by the term Owner, Manager, and/or Operator, are upon information and belief additional entities and/or individuals, identity and residency currently unknown or indefinite, who owned, controlled, and/or managed Cleveland Nursing and Rehab Center during the residency of Lyndahle Petrozza. Plaintiffs reserve the right to identify or change the identity of these Defendants based upon discovery.

### III. GENERAL FACTUAL ALLEGATIONS

6. Lyndahle Petrozza was admitted to Cleveland Nursing and Rehab Center on or about July 16, 2013 pursuant to an agreement under which Cleveland Nursing and Rehab Center

and/or other Defendants promised to provide appropriate food, shelter, and such other care as Ms. Petrozza's condition reasonably required. Upon admission, it was determined that she had a diagnosis of wheezing.

7. Ms. Petrozza remained under the care of Cleveland Nursing and Rehab until her death on or about January 19, 2014.

8. On January 19, 2014, she was found by nurse to be cool and clammy to the touch and pale in color, she was alert, nonverbal but responding to tactile stimuli. Respirations were labored had decreased O2 Saturations at 34% requiring her transfer to Bolivar Medical Center for treatment.

9. After discovering Ms. Petrozza in the above described condition, the nursing staff did not apply any oxygen and/or provide a breathing treatment with the prescribed medication, Zopenex, to help support her respiratory condition.

10. Once the ambulance arrived at the nursing home, the EMT found Ms. Petrozza in lying in bed unresponsive but breathing and in obvious respiratory distress. Once in route to Bolivar Medical Center, Ms. Petrozza's respirations dropped to 6 with heart rate of 35 and O2 Sats of 35%. The EMT inserted an intubation tube with a whitish substance being removed from her airway and an IV was established infusing normal saline.

11. Upon arrival of the ambulance to Bolivar Medical Center, a code was called and CPR was initiated but was unsuccessful and Ms. Petrozza was pronounced death at 3:22 p.m. on January 19, 2014 by Dr. Corey Brown.

## COUNT I

## NURSING HOME AND OWNER CONDUCT AND LIABILITY

12. Plaintiff incorporates by this reference the previous paragraphs of this Complaint as if fully re-written herein;

13. All of the other Defendants were agents of Cleveland Nursing and Rehab Center and are responsible for the torts of their agents.

14. Cleveland Nursing and Rehab Center had a duty to provide reasonable and adequate health care to Ms. Petrozza consistent with existing community standards;

15. At all times pertinent hereto, Ms. Petrozza was under the care and control of Cleveland Nursing and Rehab Center pursuant to the terms of the Resident Admission Agreement, and as such, was under the control and care of Cleveland Nursing and Rehab Center and/or their employees, agents, officers, and servants;

16. The staff and employees of Cleveland Nursing and Rehab Center failed, refused, or neglected to perform their duties to provide reasonable and adequate health care to and for Ms. Petrozza;

17. Cleveland Nursing and Rehab Center, their employees, agents, officers, and servants, negligently and carelessly failed to provide oxygen when provided care and treatment to Ms. Petrozza and all of the alleged acts, omissions, and occurrences herein described were performed by their employees, agents, officers, and servants within the course and scope of their agency and employment with Defendants and in furtherance of Defendants' business;

18. While Ms. Petrozza was under the care and control of Cleveland Nursing and Rehab

Center, she was subjected to actions set out in this Complaint and sustained serious injuries having occurred as a direct result of the improper care provided by Defendants, and/or their employees, agents, and representatives, including mental and physical injury and pain and suffering;

19. Upon information and belief, the negligence of the Defendants included, but was not limited to, the following, to-wit:

   a. Failure of the nursing staff to recognize Ms. Petrozza's decline in medical condition;

   b. Failure to conduct an appropriate and adequate assessment and reassessment of Ms. Petrozza's condition;

   c. Failure to notify the appropriate nursing staff, physician and/or responsible party in a timely manner;

   d. Failure of the nursing staff to render care and medical support for Ms. Petrozza's declining respiratory condition;

   e. Failure to apply oxygen and/or administer Zoponex via nebulizer to increase respiration efforts;

   f. Failure to check and/or clear obstructed airway;

   g. Failure to treat a documented elevated temperature of 101.3;

   h. The culmination of these failures hastened Ms. Petrozza's untimely death; and

   i. There may be additional deviations from the standard of care that are unknown at this time but may become known after adequate discovery has been conducted.

20. As a direct result of the Defendants negligence and the negligence of their agents,

servants, officers, and employees, Ms. Petrozza was caused to sustain serious personal injuries, endure great physical pain and severe mental anguish, become liable for hospital and medical care and to lose her life - all of which damages will be in an amount to be proven at trial, but are in excess of the jurisdictional amount of the Court.

21. The aforementioned acts of negligence included physical contact with Ms. Petrozza, and were outrageous and performed wilfully, wantonly, and with complete disregard of her rights, and in reckless indifference to the rights of others, and specifically, Ms. Petrozza herein, and those acts further shock the conscience of the community;

22. Upon information and belief, Defendants failed to carry out these duties which constitutes a violation of Miss. Code Ann. § 43-47-19 which makes it unlawful for any person "to commi[t] an act or omi[t] the performance of any duty, which act or omission contributes to, tends to contribute to or results in the abuse, neglect or exploitation of any vulnerable adult ... ." This failure contributed to or tended to contribute to abuse, neglect or exploitation of Lyndahle Petrozza. Ms. Petrozza falls within the class of persons the this statute is intended to protect, thus entitling her to adopt such laws as the standard of care for measuring Defendant's conduct. Thus, the Plaintiffs asserts that the conduct of Cleveland Nursing and Rehab Center amounts to negligence per se, entitling Plaintiffs to damages for personal injuries to Ms. Petrozza and punitive damages for the wilful, wanton and/or capricious conduct of these Defendants in proximately causing and/or contributing to the above described damages.

23. Upon information and belief, Defendants wrongfully failed to carry out these duties which failure proximately caused injuries to Ms. Petrozza. Separate and apart from Miss.

Code Ann. § 43-47-19, Defendants conduct failed to meet the standard of care in the nursing home industry owed by providers of skilled nursing home staff to residents such as Ms. Petrozza thus constituting common law negligence and gross negligence, entitling Plaintiffs to damages for personal injury to Ms. Petrozza and punitive damages for the wilful, wanton and/or capricious conduct of these Defendants in proximately causing and/or contributing to the above described damages.

## COUNT II

### LOSS OF CHANCE

24. Plaintiffs incorporate by reference the previous paragraphs of this Complaint as if fully re-written herein.

25. That the actions of all of the Defendants in this action reduced Ms. Petrozza's chance of recovery and/or chance to maintain a certain level of health and as a direct result of Defendants' actions, Plaintiff was damaged in an amount to be proven at trial but in excess of the jurisdictional limits of the Court.

## COUNT III

### INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiffs incorporate by reference the previous paragraphs of this Complaint as if fully re-written herein.

27. The acts of each of the Defendants set forth above were outrageous and performed wilfully, wantonly, and with complete and reckless disregard of Lyndahle Petrozza's rights and the rights of her family, and those acts further shock the conscience of the community and caused her and her family to suffer severe mental anguish and emotional

distress.

## COUNT IV

### WRONGFUL DEATH

28. Plaintiffs incorporate by reference the previous paragraphs of this Complaint as if fully re-written herein.

29. The negligent and wrongful acts of each of the Defendants set forth above was a proximate contributing cause of the death of Lyndahle Petrozza.

30. As a result of the death of Lyndahle Petrozza, caused by Defendants wrongful actions, Plaintiffs have suffered damages, including funeral and medical expenses, costs for administering the Estate of Ms. Petrozza, the loss of society and companionship of Ms. Petrozza, the pain and suffering experienced by Ms. Petrozza between the time of injury and the subsequent demise.

31. As Lyndahle Petrozza's death was caused by acts which constitute gross negligence, Plaintiffs are entitled to exemplary or punitive damages for the wilful, wanton and/or capricious conduct of these Defendants in proximately causing and/or contributing to the above described damages.

**WHEREFORE**, Plaintiffs pray for:

A. Judgment on Count I of this Complaint in an amount to be proven at trial, but in excess of the jurisdictional amount of the Court;

B. Judgment on Count II of this Complaint in an amount to be proven at trial, but in excess of the jurisdictional amount of the Court;

C. Judgment on Count III of this Complaint in an amount to be proven at trial, but in excess of the jurisdictional amount of the Court;

D. Judgment on Count IV of this Complaint in an amount to be proven at trial, but in excess of the jurisdictional amount of the Court;

E. Exemplary and punitive damages on each Count herein in an amount reasonably calculated to prevent the culpable Defendants and others from engaging in such conduct in the future;

F. Past mental and physical pain, distress, suffering and inconvenience in an amount to be proven at trial;

G. Past medical expenses in an amount to be proven at trial;

H. Miscellaneous expenses incurred by Ms. Petrozza and her family, including but not limited to travel expenses, necessitated by the negligent acts of any of the Defendants or those whose actions they were responsible for;

I. Reasonable funeral and burial expenses;

J. Reasonable costs of the administration of the Estate;

K. The loss of society, and companionship of Lyndahle Petrozza, Deceased, sustained by her daughter, Melinda Harvey;

L. Pre-judgment and post-judgment interest where applicable;

M. For Trial by Jury on those issues so triable;

N. For Plaintiff's costs, including reasonable attorneys fees, incurred in connection with this matter; and

O. For any and all other relief to which Plaintiff may be entitled in law or equity.

Respectfully submitted,

_____
GEORGE F. HOLLOWELL, JR.
Attorney for Plaintiffs
P.O. Drawer 1407
Greenville, MS 38702-1407
Telephone: (662) 378 3103
Facsimile: (662) 378 3420
MSBN: 2559

## ATTORNEY'S AFFIDAVIT OF PRE-CERTIFICATION

I, George F. Hollowell, Jr., have reviewed the facts of this case and have consulted with expert(s) qualified to give expert testimony as to the standard of care and/or negligence and said expert(s) are knowledgeable in the relevant issues involved in this particular action. I have concluded that upon the basis of my review and consultation that there is a reasonable basis for the commencement of this action against said Defendant(s).

THIS, the 16th day of January, 2015.

_____
George F. Hollowell, Jr.

STATE OF MISSISSIPPI
COUNTY OF WASHINGTON

SWORN TO AND SUBSCRIBED BEFORE ME, on this the 16th day of January, 2015.

_____
Notary Public

My Commission Expires:

[Notary Seal: ANN TRAHAN, ID # 29306, Commission Expires July 14, 2018, Washington County, State of Mississippi]